UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RIGOBERTO FERNANDEZ-GONZALEZ,

   Petitioner,

v.                                          CASE NO. 5:23-cv-00169-WFJ-PRL

WARDEN, FCC COLEMAN – LOW,

   Respondent.
_____/

## ORDER

Before the Court is Petitioner Rigoberto Fernandez-Gonzalez's *pro se* Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 4, and Respondent's Motion to Dismiss the petition for failure to exhaust administrative remedies, Dkt. 7. Upon careful consideration, the Court grants Respondent's motion and dismisses the petition without prejudice.

## BACKGROUND

In June 2017, the United States District Court for the Northern District of Georgia sentenced Petitioner to a total 264 months' incarceration for possessing at least 500 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and for possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Judgment, *United States v. Fernandez-Gonzalez*, No. 1:16-cr-255-MHC (N.D. Ga. June 20, 2017) (Dkt. 45). Petitioner is serving his prison sentence at the Federal Correctional

Complex, United States Low, in Coleman, Florida. His projected release date based on good conduct time is October 11, 2039. Dkt. 7-1.

On May 3, 2023, Petitioner filed the instant amended § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his sentence. Dkt. 4. Petitioner asserts that approximately five years' worth of time he served in state custody should be credited to his federal sentence. *Id.* at 11. Petitioner concedes that he has not exhausted every level of the BOP's three-level administrative remedy process. *Id.* at 11-12. He offers two defenses for his failure to exhaust: (1) he made a "good-faith effort" to exhaust all remedies that were "actually available" to him, *id.*; and (2) "separation of powers prohibits" the administrative remedy process, Dkt. 8. Respondent now moves to dismiss the instant petition for failure to exhaust administrative remedies. Dkt. 7.

## DISCUSSION

Although exhaustion of administrative remedies is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A district court follows a two-step process when determining whether to dismiss a petition based on a failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854-56 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, the court considers the inmate's and the

respondent's factual allegations. *Id.* at 856. If the parties' factual allegations conflict, the court accepts the inmate's version of the facts as true. *Id.* If the inmate's allegations establish his or her failure to exhaust administrative remedies, the court must dismiss the petition. *Id.*

Where an inmate's allegations do not support dismissal at the first step, the court proceeds to the second step. *Id.* There, the respondent bears the burden of proving that the inmate failed to exhaust administrative remedies. *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Upon making findings on the disputed issues of fact, the court decides whether the inmate has exhausted his or her administrative remedies. *Id.* at 857.

Here, the Court may resolve this matter at the first step. Both parties agree that Petitioner has not exhausted his administrative remedies. Respondent also certifies that Petitioner "has not filed a single administrative remedy during his incarceration." Dkt. 7 at 48. This is confirmed by a BOP administrative remedy report. *Id.* at 50.

Petitioner nevertheless states two defenses. First, he argues that he exhausted all "actually available" remedies. An unavailable remedy "cannot capably be used to obtain some relief." *Blevins*, 819 F. App'x at 856 (citing *Ross v. Blake*, 578 U.S. 632, 643 (2016)). For example, a remedy may be unavailable if: it is a "dead end" because officers cannot or will not provide relief to inmates; the process is "so

opaque" as to be unnavigable to the "ordinary prisoner"; or prison administrators use "machination, misrepresentation, or intimidation" to thwart inmates. *Id.* Petitioner has not alleged facts demonstrating that any of these criteria are met.

Second, Petitioner raises a separation of powers argument, asserting that only the judicial branch has the power to adjust his sentence for time served. Dkt. 8. Section 2241 is the appropriate vehicle to challenge a denial of reduction in sentence for time served, *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008), but Petitioner has not raised such a challenge. Moreover, the Eleventh Circuit has upheld the administrative exhaustion requirement for § 2241 claims. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

## CONCLUSION

Accordingly, Respondent's Motion to Dismiss, Dkt. 7, is GRANTED. The Amended Petition, Dkt. 4, is dismissed without prejudice. The Clerk is directed to enter judgment in favor of Respondent and against Petitioner and close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record